Filed 6/11/15  In re S.H. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re S.H. et al., Persons Coming Under the Juvenile Court Law. | B258512 (Los Angeles County Super. Ct. No. DK05630) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> Brian H., <br><br> Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County. Robin R. Kesler, Referee.  Reversed.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Tyson B. Nelson, Deputy County Counsel, for Plaintiff and Respondent.

Christopher R. Booth, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Minors.

* * * * * *

In this dependency case, Brian H. (father) challenges the sufficiency of the evidence to support the two grounds for dependency jurisdiction over his children asserted by the juvenile court. We agree with father that there was insufficient evidence that a serious risk of physical harm or illness to the children arose from either of those two grounds. Although the record suggests that other conduct by the parents may expose the children to such risk, that conduct was not pled or proven as a basis for dependency jurisdiction. Because our review is limited to the dependency petition that was actually litigated, we cannot consider these additional grounds for the first time on appeal and must accordingly reverse the dependency court's jurisdictional and dispositional orders.

## FACTUAL AND PROCEDURAL BACKGROUND

Father and Kimberly H. (mother) have two children, S.H. (born 2006) and her younger brother, G.H. (born 2011). In September 2013, the Los Angeles Department of Children and Family Services (Department) received an anonymous tip that the children were subject to "general neglect and emotional abuse" due to exposure to domestic violence, due to mother's substance abuse and due to "deplorable living conditions" that resulted in the children not bathing for "several days." When the Department investigated, it found the children to be in "good health" and "excelling academically," showing no signs of physical or emotional abuse, and facing "no safety concerns"; the Department found the tip unsubstantiated. Five months later, in February 2014, the Department received a second anonymous tip, again alleging "general neglect" based on S.H.'s dirty appearance and her excessive absences from, and tardiness to, school.

As a result of the second tip, the Department filed a petition seeking to assert dependency jurisdiction over both kids. The petition alleged that jurisdiction was warranted under Welfare and Institutions Code section 300, subdivision (b)(1),[1] on two grounds: (1) Mother and father were neglectful by maintaining a home that was "filthy

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

[and] unsanitary," and "cluttered with old furniture," "trash and debris," and by allowing their children to be "dirty" and to wear "filthy" clothes; and (2) father had two prior convictions for driving under the influence (DUI) in 2006 and 2011.[2]

At a combined jurisdictional and dispositional hearing, the Department presented evidence that the parents' home had "junk and clothes everywhere," had furniture pushed up against the door, and had lights hanging from the ceiling. The Department also presented evidence that S.H. had dirty fingernails, that her hair had once been so matted that it had to be cut, and that she had been tardy or absent from school many times. Father's criminal history report established the two prior DUI convictions as well as a 2008 conviction for negligent discharge of a firearm. The evidence also indicated that S.H. and G.H. were never injured or sickened by their personal hygiene or their home, were not malnourished, and that S.H.'s tardies and absences did not prevent her from getting "very good grades" and being regarded by her teachers as an "articulate and [] smart child" able to "catch[] up" from her absences. The evidence further showed that the family had moved out of the home described in the petition just after the petition was filed.

The juvenile court sustained both allegations in the petition. Based on the suspicions of the children's maternal grandparents that mother and father were using drugs and the parents' refusal to submit to voluntary drug tests, the court reasoned that the petition's allegations were "linked by substance abuse." In its dispositional order, the court removed the children from their parents' custody and further ordered mother and father (1) to participate in individual, parenting, and conjoint counseling with their children, (2) to submit to weekly, random drug tests, and (3) to be restricted to monitored visitation. The court additionally ordered father to undergo an evaluation for anger management pursuant to section 730.

---

**2**    The Department originally alleged a third DUI conviction in 2009, but that charge did not result in a conviction.

Father timely appeals; mother did not.[3]

## DISCUSSION

In this appeal, father challenges (1) the sufficiency of the evidence supporting the assertion of jurisdiction over S.H. and G.H., (2) the sufficiency of the evidence supporting the removal of the children from his custody, and (3) the propriety of the juvenile court's order limiting father to monitored visits with the children. Because, as explained below, we conclude that father's first argument has merit, we need not address his alternative arguments.

The juvenile court's power to assert dependency jurisdiction over a child is a two-step process that begins with the Department's filing of a petition detailing "specific factual allegations" tied to one or more statutory bases for jurisdiction (§ 325; *In re Jessica C.* (2001) 93 Cal.App.4th 1027, 1036-1037 (*Jessica C.*)), and proceeds to a hearing at which the court determines whether the Department has presented sufficient evidence to support those allegations (§§ 334, 350, subd, (c), 353, 356). This process has some degree of flexibility; if evidence that would support additional grounds for jurisdiction surfaces at the hearing, the Department can ask the juvenile court to amend its petition to conform to the proof at trial. (*Jessica C.*, at p. 1041.)

In this case, the Department invoked the first clause of section 300, subdivision (b)(1). In pertinent part, this provision empowers a juvenile court to assert jurisdiction if a "child has suffered, or [if] there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child." (§ 300, subd. (b)(1).) To substantiate its allegations under this provision, the Department is required to prove

---

[3] The lack of an appeal by mother does not provide an independent basis for jurisdiction (see *In re Alysha S.* (1996) 51 Cal.App.4th 393, 397) because she is named only in the first allegation as jointly responsible for the substandard cleanliness. Mother's failure to challenge the evidence supporting this ground does not obviate father's ability to do so because, if he succeeds, there is no basis for jurisdiction as to *either* parent.

4

(1) "'"'"neglectful conduct by the parent in one of the specified forms'"'"" (in this case, inability or failure to adequately supervise or protect the child), (2) causation, and (3) prior "'"'"'"serious physical harm or illness" . . . or a "substantial risk" of such harm or illness.' [Citations.]"'"" (*In re Cole Y.* (2015) 233 Cal.App.4th 1444, 1452, quoting *In re James R.*(2009) 176 Cal.App.4th 129, 135.) "Jurisdiction may be exercised 'based on . . . a current or future risk.'" (*Ibid.*, quoting *In re J.K.* (2009) 174 Cal.App.4th 1426, 1435, fn. 5.)

We review the juvenile court's jurisdictional findings for substantial evidence, which requires us to view the evidence in the light most favorable to those findings and to draw all inferences to support them. (*In re T.W.* (2013) 214 Cal.App.4th 1154, 1161-1162.) We now turn to each allegation.

## I.      Inadequate cleanliness

Lack of cleanliness—without more—is not enough to sustain dependency jurisdiction under section 300, subdivision (b)(1); there must also be proof that the unsanitary conditions gave rise to "ill effects" or a risk of such effects. (See *In re Paul E.* (1995) 39 Cal.App.4th 996, 1005 (*Paul E.*) ["chronic messiness by itself and apart from any unsanitary conditions or resulting illness or accident, is just not clear and convincing evidence of a substantial risk of harm"], italics omitted.) This latter requirement reflects the statutory mandate that parental neglect is a basis for dependency jurisdiction only if it places a child at risk of "serious physical harm or illness." (§ 300, subd. (b)(1).) In so doing, the statute tasks the juvenile court with "distinguishing between a loving-but-dirty-home case and a case of real neglect." (*Paul E.*, at p. 1005, fn. 8.) Jurisdiction is therefore appropriate where a messy home or substandard personal hygiene results in a child's malnourishment, sleep deprivation or illness. (See *In re Jeanette S.* (1979) 94 Cal.App.3d 52, 58-59 [child in filthy home lacked a place to sleep, never ate breakfast, and wore clothes soiled with urine; jurisdiction proper]; *In re Susan M.* (1975) 53 Cal.App.3d 300, 306 [child in filthy home was malnourished, "tremendously

5

dehydrated," "severely anemic, somewhat cyanotic and inflicted with bronchiolitis"; jurisdiction proper].)

There is not substantial evidence to support the first allegation in this case for two reasons. First, although the evidence at the hearing amply established that S.H. and G.H. were not regularly bathed or dressed in clean clothes, and that their home was dirty, there is no evidence that these conditions produced any ill effects placing the children at substantial risk of serious physical harm or illness. Both children were otherwise healthy, well-rested, and well-fed. At most, the evidence showed that they needed a bath, a change of clothes and, in S.H.'s case, a haircut; none of these poses a substantial risk of serious physical harm or illness. The Department did adduce evidence that S.H. was often tardy to, or absent from, school; that she stopped talking freely, and instead crawled under a table and answered questions using sign language, when the social worker questioning her asked about the allegations in this case; and that the family moved from place to place. However, none of these effects causally stem from the dirty house or inadequate hygiene. Even if they did, they still do not pose a risk of serious physical harm or illness. Lack of attendance at school poses no such harm. (E.g., *In re Janet T.* (2001) 93 Cal.App.4th 377, 388-389.) S.H.'s reticence to discuss the allegations when she is otherwise conversational is, at best, evidence of some emotional distress, but in no way qualifies as physical harm. And the parents' transient housing is, under the text of section 300, not an appropriate ground for jurisdiction. (§ 300, subd. (b)(1) ["No child shall be found to be a person described by this subdivision solely due to the lack of an emergency shelter for the family"]; accord, *In re G.S.R.* (2008) 159 Cal.App.4th 1202, 1212.)

Second, any risk of harm from the unclean home no longer exists because the parents moved out of that home. The Department also did not produce any evidence regarding the cleanliness of the parents' current living space. Present and future risk is what matters, and proof of it is missing.

6

## II. Prior DUI convictions

A prior DUI conviction is insufficient by itself to support dependency jurisdiction, even when the children were in the car at the time of the offense. (*In re J.N.* (2010) 181 Cal.App.4th 1010, 1022-1024.) Such prior conduct creates a "current risk of serious physical harm or illness" to children only if a parent has an "ongoing substance abuse problem" that poses a risk to the children, or if there is some other reason to believe the conduct will recur and thereby endanger the children. (*Id.* at pp. 1022-1027.) Although father has two prior DUI convictions, the record is silent as to how those prior acts create a current risk of danger to his children. Nothing in the record indicates that either S.H. or G.H. was in the car during either prior incident. Further, there was no evidence that father has a substance abuse problem. To be sure, there are suggestions in the record of drug use, but no evidence of it. The maternal grandmother and grandfather certainly harbor their suspicions of drug use by mother and father, but the Department found the initial anonymous report of mother's substance abuse (for which maternal grandmother was the primary witness) to be unfounded, and the juvenile court declined to rely on maternal grandmother's statements. Suspicions are not evidence in any event. For example, grandmother once reported finding evidence of mother's and father's drug use in her car after loaning it to them, but the police who looked at the car found the evidence inconclusive. Mother and father also refused to take voluntary drug tests, but the absence of "clean" tests is not the same thing as a "dirty" test. Because the evidence shows that the two prior convictions from 2006 and 2011 are isolated incidents, there is insufficient evidence of current risk to the children and insubstantial evidence to support this allegation.

## III. Other bases for jurisdiction

On appeal, the Department directs us to other conduct by mother and father that, in its view, warrants the assertion of dependency jurisdiction: (1) mother allowed G.H., when he was under two years old, to wander off and play on the railroad tracks; (2) father has unresolved anger issues, as shown by his 2008 conviction for negligent discharge of a

7

firearm; and, as the juvenile court also noted, (3) the root cause of all these issues—including the lack of cleanliness—is that mother and father have a substance abuse problem. (The juvenile court also referenced its view that father was not truthful in explaining when he and mother took the children to Texas and whether he ever used a surveillance camera outside the home, but these issues were never tied to any risk of harm to the children.)

However, these arguments do not permit us to affirm the juvenile court's jurisdictional finding for two reasons. First, they are not supported by substantial evidence. The sole evidence that G.H. wandered off is double hearsay (from mother to maternal grandmother to the social worker), and hinges on the credibility of maternal grandmother, which the juvenile court elsewhere declined to use as a basis for its findings. Father's criminal history report established his 2008 conviction, but there was no evidence of what happened (other than father's account, which the juvenile court rejected); more to the point, there was no evidence of how the seven-year old conviction was more than an isolated incident that poses no current risk of serious physical harm to the children. There was also not substantial evidence of drug abuse, for the reasons noted above.

Second, even if this conduct had been proven, the Department never used it as a basis to assert dependency jurisdiction. This conduct is nowhere alleged in the petition, and the Department never asked to the juvenile court to conform its petition to the proof at the hearing. As explained above, the Department cannot assert jurisdiction on a factual basis never alleged any more than a prosecutor can obtain a conviction on a crime never factually charged.

Our conclusion that the Department did not prove what it alleged, and did not allege what it tried to prove, does not preclude the Department from seeking to assert dependency jurisdiction over S.H. and G.H. under properly alleged statutory grounds supported by adequate proof. We only conclude that, at this point, the Department has not done so. We consequently reverse the juvenile court's finding of jurisdiction and the

8

dispositional order resting upon it.  (*In re Isabella F.* (2014) 226 Cal.App.4th 128, 138-141.)

## DISPOSITION

We reverse the juvenile court's jurisdictional and dispositional findings.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.

HOFFSTADT

We concur:

_____, P. J.

BOREN

_____, J.

ASHMANN-GERST

9